# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MEGAN G. KITCHNER, | |
| Plaintiff, | |
| v. | Case No. 18-CV-133-JPS |
| CHARLES FIERGOLA, JOSEPH R. JOHNSON, LUCAS P. BENNEWITZ, TYLER M. HELSEL, and JOHN DOES, | **ORDER** |
| Defendants. | |

Plaintiff filed her complaint on January 25, 2018. (Docket #1). She alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, against four named Wisconsin lawyers and a set of John Doe lawyers. *Id.* at 3–5. Two of the named defendants have been served, but two have not. (Docket #11 at 2). Because the period for service under Federal Rule of Civil Procedure 4(m) elapsed on April 25, 2018, the Court issued an order requiring Plaintiff to show cause why the service deadline should be extended as to the two unserved defendants. *Id.*

Plaintiff filed a response to the Court's show-cause order on May 18, 2018. (Docket #12). Her counsel avers that the two unserved defendants, Charles Fiergola ("Fiergola") and Joseph Johnson ("Johnson"), are dodging her diligent attempts at service. (Docket #13). First, she tried to serve them at the Kohn Law Firm, where they engaged in the challenged debt-collection activity. (Docket #12 at 3). She learned that she could not effectuate service at their business address and proceeded to search for and

attempt service many times at other addresses, without success. *Id.* Plaintiff also tried to secure a waiver of service through counsel for the other two named defendants, but he spoke with Fiergola and Johnson and they have refused to waive service. *Id.* She has now hired a new process server to reinvigorate her efforts at service. *Id.* at 3–4. Plaintiff asks that the Court grant her an additional thirty days in which to effectuate service. *Id.* at 4.

> Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The requirement for timely service is animated by a need to provide notice to the defendants, to encourage diligent prosecution of the suit, and to trigger the district court's ability to exercise personal jurisdiction over the defendants. *Cardena v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). In determining whether good cause has been shown to warrant an extension, courts may consider, among other things, whether the unserved defendants have actual notice of the suit, whether they would suffer prejudice to their ability to defend as a result of the delay, whether they are evading service, and whether the plaintiff has been diligent in pursuing service. *Id.* at 1006–07. The court's decision to extend the service deadline is committed to its sound discretion. *Id.*

Here, Plaintiff has made a sufficient showing to warrant the short 30-day extension she seeks. On the one hand, the Court does not see clear evidence that Fiergola and Johnson are attempting to evade service, rather

than simply demand that service be properly made. But, on the other hand, Plaintiff has made numerous attempts to serve them, they undoubtedly have actual notice of the suit, and because the case has not left the pleading phase, there can be no real prejudice from the delay in the case thus far. Consequently, on balance, the Court finds that good cause exists to grant Plaintiff thirty additional days, or until **June 20, 2018**, to serve Fiergola and Johnson. No further extensions of that deadline will be considered, and failure to file proof of service by that deadline will result in dismissal of these two defendants without prejudice and without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff shall serve Defendants Charles Fiergola and Joseph Johnson no later than **June 20, 2018**. Failure to file proof of service by that deadline will result in dismissal of these defendants without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2018.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge